UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x  **NOT FOR PUBLICATION**

CHRISTOPHER GRIEF,

                                   **MEMORANDUM AND ORDER**
                Plaintiff,                  15-CV-2465 (PKC)

       -against-

WARDEN K. ASK-CARLSON
sued in her official capacity,

              Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Christopher Grief, currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, alleges that he is being denied freedom of religious expression, in violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"). On April 13, 2015, Plaintiff filed his initial complaint, and on May 7, 2015, he filed an amended complaint. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Plaintiff's complaints are dismissed for failure to state a claim upon which relief may be granted. Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint.

*BACKGROUND*

      Plaintiff alleges that he practices "meditation as part of his quest for spiritual enlightenment." (Compl. at ¶ 7; Amended Compl. at ¶ 7.) Plaintiff avers that "[i]n order for [him] to meditate on enlightenment he must do so in the presence of at least two stuffed animals." (Compl. at ¶ 10; Amended Compl. at ¶ 10.) Accordingly, on December 24, 2014, Plaintiff submitted a request to the officials at MDC for permission to have stuffed animals "and

to keep it in his property for his religious practices." (Amended Compl. at ¶ 11.) To date, Defendant has not approved Plaintiff's request. (Compl. at ¶¶ 11-17; Amended Compl. at ¶¶ 11-17.) Plaintiff alleges that the failure to receive the stuffed animals places a substantial burden on the exercise of his religion in violation of the RFRA. (Amended Compl. at ¶ 19.) Plaintiff seeks injunctive relief allowing him to purchase two stuffed animals. (Compl. at ¶ 21.)

*STANDARD OF REVIEW*

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Liner v. Goord*, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89

(2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

*DISCUSSION*

I.   RFRA

The RFRA, 42 U.S.C. § 2000bb *et seq.*,[1] protects the free exercise of religion. and provides that "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless the government "demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §§ 2000bb–1(a), (b); *Holt*, 135 S.Ct. at 860; *Johnson v. Killian*, No. 07 Civ. 6641, 2013 WL 103166, at *3 (S.D.N.Y Jan. 9, 2013).

To adjudicate a RFRA claim, the Court applies a burden-shifting analysis. *O Centro Espirita,* 546 U.S. at 428-29. First, the plaintiff must demonstrate that the government substantially burdened his sincere exercise of religion. *See id.*; 42 U.S.C. § 2000bb–1(a), (c). Then, if the plaintiff satisfies his *prima facie* case, the burden of evidence and persuasion shifts to the defendant to demonstrate that the burden imposed on the plaintiff's exercise of religion is "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that government interest." 42 U.S.C. §§ 2000bb–1(b).

The Second Circuit has held that a court's scrutiny of whether a plaintiff deserves free exercise protection "extends only to whether a claimant sincerely holds a particular belief and

---

[1] The Supreme Court instructs that the RFRA is unconstitutional insofar as it purports to regulate state and local governments. *City of Boerne v. Flores,* 521 U.S. 507 (1997). The RFRA remains valid as applied to the federal government, however. *See Holt v. Hobbs*, 135 S.Ct. 853 (2015); *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751 (2014); *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal* ("*O Centro Espirita*"), 546 U.S. 418 (2006).

whether the belief is religious in nature." *Jolly v. Coughlin,* 76 F.3d 468, 476 (2d Cir. 1996) (discussing this standard in the context of RFRA).  In analyzing the sincerity of a plaintiff's religious beliefs, courts start with the proposition that "[a] claimant need not be a member of a particular organized religious denomination to show sincerity of beliefs." *Jackson v. Mann,* 196 F.3d 316, 320 (2d Cir. 1999) (citing *Frazee v. Illinois Dept. of Employment Security,* 489 U.S. 829 (1989)).  The Court should then "seek[ ] to determine an adherent's good faith in the expression of his religious belief." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984) (citing *International Society for Krishna Consciousness v. Barber*, 650 F.2d 430, 441 (2d Cir. 1981)).

Here, Plaintiff asserts that he meditates and "believes that everything has a spiritual essence to it."  (Compl. at ¶ 8.)  He further asserts that he "has a strong spiritual connection with the spiritual essence of stuffed animals."  (Compl. at ¶ 9; Amended Compl. at ¶ 9.)  This allegation, however, does not plausibly suggest that Plaintiff holds a sincere religious belief or that his belief is religious in nature.  *See Frazee*, 489 U.S. at 834 n.2 (in some cases "an asserted belief might be so bizarre, so clearly nonreligious in motivation, so as not to be entitled to protection."); *Wisconsin v. Yoder,* 406 U.S. 205, 215–16 (1972) ("to have the protection of the Religion Clauses, the claims must be rooted in religious belief").

### *LEAVE TO AMEND*

In light of Plaintiff's *pro se* status, the Court will grant him thirty (30) days leave to submit a second amended complaint in order to cure the deficiencies noted above.  *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  Should Plaintiff elect to file a second amended complaint, he should provide the court with information about his religious beliefs and allege facts that show that he is required to possess stuffed animals in order to pursue his religious beliefs.  Plaintiff is informed that an amended complaint does not simply add to the first complaint.  Once

an amended complaint is filed, it completely replaces the original. Therefore, it is important that Plaintiff includes in the second amended complaint all of the necessary information that was contained in the original and amended complaints. The second amended complaint must be captioned as a "Second Amended Complaint," and bear the same docket number as this Order.

## *CONCLUSION*

Accordingly, Plaintiff's original and amended complaints are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.§ 1915A(b). No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to file a second amended complaint within thirty (30) days as directed by this order, the Court shall enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 21, 2015
Brooklyn, New York